# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| BAYVIEW LOAN SERVICING, LLC FEDERAL HOME LOAN MORTGAGE CORPORATION<br><br>Plaintiffs,<br><br>v.<br><br>G2 VENTURES LLC; DAYBREAK GARDENS PROPERTY OWNERS ASSOCIATION; RAUL R. JIMENEZ<br><br>Defendants. | Case No. 2:17-cv-00120-RFB-BNW<br><br>**ORDER** |

## I.   INTRODUCTION

Before the Court are Plaintiffs Bayview Home Loan Servicing LLC ("Bayview") and Federal Home Loan Mortgage Corporation's ("Freddie Mac") (collectively "Plaintiffs") Motion for Summary Judgment and Defendant Daybreak Gardens Property Owners Association's (the "HOA") Motion for Partial Summary Judgment. ECF Nos. 44, 49. For the following reasons, the Court grants Plaintiffs' motion and denies the HOA's motion.

## II.   PROCEDURAL BACKGROUND

Plaintiffs sued Defendants on January 12, 2017, seeking declaratory relief from this Court that a nonjudicial foreclosure sale conducted in 2013 under Chapter 116 of the Nevada Revised Statutes ("NRS") did not extinguish their interest in a Las Vegas property. ECF No. 1. To obtain the relief, Plaintiffs assert the following claims in the complaint: (1) declaratory relief under 12

U.S.C. § 4617(j)(3) as against Defendant G2 Ventures LLC ("G2"); (2) quiet title under 12 U.S.C. § 4617(j)(3) as against Defendant G2 Ventures LLC; (3) declaratory relief under the Fifth and the Fourteenth Amendments to the United States Constitution against all Defendants; (4) quiet title under the Fifth and the Fourteenth Amendments to the United States Constitution against G2; (5) breach of NRS 116.1113 against the HOA; (6) wrongful foreclosure against the HOA; (7) injunctive relief against Defendant G2; (8) deceptive trade practices against the HOA. Id. G2 filed its answer on February 8, 2017. ECF No. 7. The HOA filed a motion to dismiss on February 27, 2017. ECF No. 14. The Court denied the motion without prejudice and stayed litigation pending resolution of pertinent Ninth Circuit and Nevada Supreme Court proceedings. ECF No. 28. The Court lifted the stay on April 10, 2019. ECF No. 41.

On May 17, 2019, Plaintiffs moved for summary judgment. ECF No. 44. The HOA moved for partial summary judgment on May 24, 2019. ECF No. 48. Both motions were fully briefed. ECF Nos. 49, 50, 53–55.

### III.  FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts.[1]

#### a. Undisputed facts

This matter concerns a nonjudicial foreclosure on a property located at 1565 Pasture Lane, Las Vegas, Nevada 89110 (the "property"). The property sits in a community governed by the HOA. The HOA requires its community members to pay HOA dues.

Raul R. Jimenez borrowed funds from Bank of America, N.A. ("BANA") to purchase the property in March 2007. To obtain the loan, Jimenez executed a promissory note and a

---

[1] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure sale as well as Freddie Mac's Single-Family Servicing Guide. Fed. R. Evid. 201 (b), (d); Berezovsky v. Moniz, 869 F.3d 923, 932–33 (9th Cir. 2017) (judicially noticing the Guide); Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (permitting judicial notice of undisputed matters of public record).

- 2 -

corresponding deed of trust to secure repayment of the note. The deed of trust, which lists Jimenez as the borrower, BANA as the lender, and PRLAP, Inc as the trustee, was recorded on March 23, 2007. On August 11, 2015, an assignment of deed of trust was recorded whereby BANA assigned the deed of trust to Bayview.

Jimenez fell behind on HOA payments. From October 2011 through January 2013, the HOA, through its agent, recorded a notice of delinquent assessment lien, followed by a notice of default and election to sell and then a notice of foreclosure sale. On January 16, 2013, the HOA held a foreclosure sale on the property under NRS Chapter 116. G2 acquired the property at the foreclosure sale as recorded in a foreclosure deed on January 24, 2013.

However, Freddie Mac previously purchased the note and the deed of trust on September 13, 2007. While its interest was never recorded under its name, Freddie Mac continued to maintain its ownership of the note and the deed of trust at the time of the foreclosure. BANA was its servicer on the date of the foreclosure sale.

The relationship between Freddie Mac and its servicers is governed by Freddie Mac's Single-Family Servicing Guide ("the Guide"). The Guide provides that servicers may act as record beneficiaries for deeds of trust owned by Freddie Mac. It also requires that servicers assign the deeds of trust to Freddie Mac on Freddie Mac's demand. The Guide states:

> The Seller/Servicer is not required to prepare an assignment of the Security Instrument to the Federal Home Loan Mortgage Corporation (Freddie Mac). However, Freddie Mac may, at its sole discretion and at any time, require a Seller/Servicer, at the Seller/Servicer's expense, to prepare, execute and/or record assignments of the Security Instrument to Freddie Mac.

The Guide also allows for a temporary transfer of possession of the note when necessary for servicing activities, including when "[s]eller/servicers may need to obtain physical or constructive possession of a Note." The temporary transfer is automatic and occurs at the

commencement of the servicer's representation of Freddie Mac. The Guide also includes a chapter regarding how servicers should manage litigation on behalf of Freddie Mac. See Guide at 9402.2 ("Routine and non-routine litigation"). But the Guide clarifies that the Servicer must "follow prudent business practices" to ensure that note is "identif[ied] as a Freddie Mac asset." Finally, under the Guide, "all documents in the mortgage file . . . will be, and will remain at all times, the property of Freddie Mac."

In 2008, Congress passed the Housing and Economic Recovery Act ("HERA"), 12 U.S.C. § 4511 *et seq.*, which established the Federal Housing Finance Agency ("FHFA"). HERA gave FHFA the authority to oversee the government-sponsored enterprises Federal National Mortgage Association ("Fannie Mae") and Freddie Mac (collectively, the "Enterprises"). In accordance with its authority, FHFA placed Freddie Mac under its conservatorship in 2008. Neither FHFA nor Freddie Mac consented to the foreclosure extinguishing Freddie Mac's interest in the property in this matter.

### b. Disputed Facts

The Court finds there to be no material disputed facts.

### IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply

show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

## V. DISCUSSION

The Federal Foreclosure Bar, 46 U.S.C. § 4617(j)(3) resolves this matter.[2] The Ninth Circuit has held that the Federal Foreclosure Bar preempts foreclosures conducted under NRS Chapter 116 from extinguishing a federal enterprise's property interest while the enterprise is under the FHFA's conservatorship unless the FHFA affirmatively consented to the extinguishment of the interest. Berezovksy, 869 F.3d at 927–31. Under Berezovksy, summary judgment based on the Federal Foreclosure Bar is warranted if the evidence establishes that the enterprise had an interest in the property at the time of the HOA foreclosure sale. Id. at 932– 33. The Court finds that the evidence establishes that Freddie Mac had an interest in the property at the time of the HOA foreclosure sale.

Despite Berezovsky, G2 attempts to avoid an unfavorable entry of summary judgment by arguing that Freddie Mac never acquired a property interest because it failed to comply with state laws regarding recordation and statutes of frauds, and that the evidence was insufficient to support a finding that Freddie Mac was the owner of the deed of trust because a servicing agreement between Freddie Mac and BANA has not been produced. G2 also argues that the Federal

---

[2] Because the Court finds that the Federal Foreclosure Bar is dispositive in this case, the Court does not make any factual findings or address the issue of tender in this matter.

Foreclosure Bar violates its procedural due process rights. The Court addresses each argument in turn.

The Court first considers the argument pertaining to recordation. G2 contends that because Freddie Mac failed to record its interest in the property on the date of the HOA foreclosure sale, its property interest was not valid. However, <u>Daisy Trust v. Wells Fargo Bank, N.A.</u> forecloses this argument. 445 P.3d 846, 849 (Nev. 2019) (holding that the state recording statutes, prior to the 2011 amendments, do not require an assignment of beneficial interests under a deed of trust to be recorded and failure to record does not prevent an assignee from enforcing its interest later); <u>see also</u> <u>Berezovsky</u>, 869 F.3d at 932 (discussing the interplay of the Federal Foreclosure Bar and NRS 106.210). Because Freddie Mac acquired the loan in 2007, the Nevada recording statutes did not require Freddie Mac to record the assignment of beneficial interests in the deed of trust in its name. <u>Daisy Trust</u>, 445 P.3d at 849. G2's recordation argument fails accordingly.

Similarly, G2's argument regarding the need to produce the servicing agreement between Freddie Mac and BANA also fails. The Nevada Supreme Court also found that Freddie Mac's servicer need not produce the loan servicing agreement or original promissory note in order to establish evidence of Freddie Mac's ownership in <u>Daisy Trust</u>. <u>Id.</u> at 850.

The Court next consider G2's procedural due process argument. G2 argues that the Federal Foreclosure Bar violates its procedural due process rights. A procedural due process claim has two elements: 1) deprivation of a constitutionally protected liberty or property interest, and 2) a denial of adequate procedural deprivation. <u>Fed. Home Loan Mortg.Corp. v. SFR Investments Pool 1, LLC</u>. 893 F.3d 1136, 1147 (9th Cir. 2018) (citing <u>Brewster v. Bd. Of Educ. At Lynwood Unified Sch. Dist.</u>, 149 F.3d 971, 982 (9th Cir. 1998)). G2 fails to meet the first prong. There is no constitutionally protected interest in obtaining a property free and clear of a

first deed of trust. Fed. Home Loan, 893 F.3d at 1148; see also JP Morgan Chase Bank, National Association v. Saticoy Bay, LLC Series 1423 Orange Jubilee, 448 P.3d 572 (Nev. 2019) (adopting reasoning in Fed. Home Loan). Additionally, the Court finds that there was no deprivation of any property interest as G2 never acquired the property free of the deed of trust since Freddie Mac never consented to the foreclosure of its interest. There is thus no procedural due process violation.

The Court finally considers if Plaintiffs provided the proper foundation and sufficient evidence to show it acquired a property interest prior to the foreclosure sale. To establish Freddie Mac's property interest, Plaintiffs attach printouts from Freddie Mac's MIDAS electronic database. The printouts are accompanied by a declaration of Dean Meyer, Director of Loss Mitigation for Freddie Mac. Meyers translates the printouts and identifies the Guide. In doing so, he specifically declares that the records were made throughout the course of business by persons with knowledge as to the business events. He also specifically identifies the portions of the printouts that detail the date that Freddie Mac acquired the note and the deed of trust and that recount when BANA and Bayview began serving as Freddie Mac's servicer.

The Ninth Circuit has allowed FHFA and the Enterprises, such as Freddie Mac, to prove a property interest with materially identical evidence on multiple occasions. See Berezovsky, 869 F.3d at 932–33 (allowing the Guide, employee declarations, and computer screenshots to establish Freddie Mac's property interest); see also Elmer v. JPMorgan Chase & Co., 707 F.App'x 426, 428–29 (9th Cir. 2017) (unpublished); Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC, 893 F.3d 1136, 1149–50 (9th Cir. 2018). Likewise, and most importantly, the Nevada Supreme Court has also allowed a federal enterprise under FHFA's conservatorship to prove its property interest with materially identical evidence on multiple occasions. See Daisy Trust, 445

P.3d at 846; <u>Saticoy Bay LLC Series Magic Mesa St Trust v. JP Morgan Chase Bank, N.A</u>, 448 P.3d 574 (Nev. 2019) (specifically finding a Meyer declaration and Freddie Mac internal records sufficient to establish that Freddie Mac had an interest in property and Federal Foreclosure Bar applied).

The printouts, in conjunction with the Guide, establish that a principal-agency relationship existed between Freddie Mac as required in <u>Berezovsky</u>. 869 F.3d at 933. The documents also establish that Freddie Mac purchased the loan in 2007—prior to the foreclosure sale. Plaintiffs have therefore presented sufficient evidence under <u>Berezovsky</u> to prevail at the summary judgment stage.

Based on the forgoing, the Court grants summary judgment in favor of Plaintiffs and declares that the Federal Foreclosure Bar prevented the HOA foreclosure sale from extinguishing Freddie Mac's interest in the property. The Court finds this holding to be decisive as to all claims in this matter and dismisses all other claims.

### VI. CONCLUSION

**IT IS ORDERED** that Plaintiffs' Motion for Summary Judgment (ECF No. 44) is granted. The Court declares that Defendant G2 Ventures LLC acquired the property subject to Freddie Mac's deed of trust. The Clerk of the Court is instructed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that the lis pendens filed in this case is expunged. (ECF No. 3).

///

///

///

**IT IS FURTHER ORDERED** that Defendant Daybreak Gardens Property Owners Association's Motion for Summary Judgment (ECF No. 48) is DENIED as moot, as the Court has dismissed all the claims for which Defendant sought partial summary judgment.

The Clerk of Court is instructed to close this case.

DATED: February 10, 2020.



_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**